(Not for Publication)　　　　　　　　　　　　　　　　　　　　(Docket Entry Nos. 26 & 29)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

```
_____
                               :
CHARLES CLANCY,                :
                               :
            Plaintiff,         :    Civil No. 07-127 (RBK-JS)
                               :
       v.                      :    OPINION
                               :
RELIANCE STANDARD LIFE         :
INSURANCE COMPANY; J.S.        :
RICHARDSON GROUP, INC.; LIBERTY:
TOYOTA, INC., d/b/a LIBERTY    :
AUTOMOTIVE, INC.; J.R. GROUP, INC.; :
and COMPREHENSIVE HR COMPANY   :
                               :
            Defendants.        :
_____:
```

**KUGLER**, United States District Judge:

　　　　This action arises out of Plaintiff Charles Clancy's denied claim for long term disability benefits. Plaintiff brought claims in New Jersey state court under various sections of the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. § 1001 *et. seq.*, and brought state law claims for negligent misrepresentation, detrimental reliance, and reformation against Defendants Reliance Standard Life Insurance Company, J.S. Richardson Group, Inc., Liberty Toyota, Inc., d/b/a Liberty Automotive, Inc., J.R. Group, Inc., and Comprehensive HR Company. The matter was removed to this Court by Comprehensive who answered and filed cross claims against all Defendants for any underlying liability. Presently before the Court are a motion for summary judgment filed by Defendant Comprehensive and a motion for remand filed by Plaintiff

1

Clancy. For the reasons discussed below, Comprehensive's summary judgment motion is granted, Plaintiff's motion is denied, and Comprehensive's cross claims are dismissed as moot.

## I.     BACKGROUND

### A.     Facts

Plaintiff Charles Clancy was employed as a Finance Director for Liberty Toyota between February 2002 and April 2005. Plaintiff was covered by an employment benefits plan that included a Group Long Term Disability Policy (the LTD Policy) issued by Reliance Standard Life Insurance to Liberty. Liberty was a member of the J.S. Richardson Group, Inc., which later dissolved and whose duties were assumed by J.R. Group, Inc., an umbrella company for several automobile dealerships. J.S. Richardson and subsequently J.R. Group contracted with Comprehensive HR Company to perform many of their human resource needs, including enrollments, terminations, and reviewing bills for health, dental, life, worker's compensation and liability insurance.

Under the LTD Policy, benefits depended on the employee's status as either a Class I or Class II employee. Class I employees included the "Owner, Vice-President, Controller and Parts Servicing Manager earning $65,000 or more per year." Plaintiff's mot. at 4. Class II employees included all employees not included in Class I. Either class received benefits upon a showing of total disability. For Class I employees, "total disability" was defined as the inability to perform the "material duties of one's regular occupation." Id. Alternatively, "total disability" for Class II employees meant that during the elimination period (the first 90 days), the employee could not perform "each and every material duty of his/her regular occupation." Id. Additionally, after 24 months of disability, Class I employees were still disabled if they could not perform the material

duties of their "regular occupation" – a so-called "own occ" policy – whereas, Class II employees were only considered disabled if they could not perform the material duties of "any occupation." Id. at 4, 6.

On or about November 17, 2004, Plaintiff underwent carpal tunnel surgery on his left wrist. Due to physical problems associated with Plaintiff's physical ailment, he submitted a claim for long-term disability benefits under the LTD Policy in February 2005. Reliance denied Plaintiff's claim on April 12, 2005. Plaintiff filed an administrative appeal that was also denied in August 2005. The initial denial specifically noted that Plaintiff was a Class II employee and as such was not totally disabled because he was "able to perform each and every material duty" of his occupation during the elimination period. Def. mot. at Ex. G.

Before Plaintiff's physical problems arose, he had discussions with Christine Basile, co-owner of Comprehensive, regarding his long term disability benefits under the LTD Policy. At the time, Plaintiff was contemplating purchasing a private long term disability policy that provided own-occ benefits. According to Plaintiff, Ms. Basile advised him that the Liberty LTD Policy was an own occ policy and that it was purportedly "the most favorable [policy] offered to Liberty employees." Plaintiff's mot. at 6. Ms. Basile did not mention the two tiers of employees under the LTD Policy. Plaintiff claims that on the basis of Ms. Basile's representations on behalf of Comprehensive, he refrained from further pursuing a private long term disability policy that would have covered his disability claim.

B.  **Procedural History**

On December 1, 2006, Plaintiff filed a complaint in the Superior Court of New Jersey, Burlington County, against Reliance Standard Life Insurance Company, R.S. Richardson Group,

3

Inc., Liberty Toyota, Inc., d/b/a Liberty Automotive, Inc., J.R. Group, Inc., and Comprehensive HR Company. The complaint was removed to this Court on January 9, 2007 by Comprehensive on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a). Comprehensive answered the complaint on January 17, 2007, asserting cross claims against all Defendants for any underlying liability on Plaintiff's claims. Plaintiff and Defendants Reliance Standard Life Insurance Company, J.S. Richardson Group, Inc., Liberty Toyota, Inc., and J.R. Group, Inc. stipulated to a dismissal of all claims against them on December 7, 2008, and Plaintiff's claims against those parties only were dismissed from the case on January 16, 2009. Docket No. 28.

Plaintiff asserted three claims against Comprehensive. In Count Three, Plaintiff alleged negligent misrepresentation on the basis of Comprehensive's statements to Plaintiff regarding the LTD Policy. In Count Four, Plaintiff alleged detrimental reliance on the basis of the same statements. In Count Five, Plaintiff sought reformation of the LTD Policy, alleging that he was an intended Class I employee.

On January 9, 2009, Comprehensive filed a motion for summary judgment under Federal Rule of Civil Procedure 56. On January 20, 2009, Plaintiff responded to the motion and also filed a motion for remand.

**II.     STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

**III.    DISCUSSION**

Comprehensive argues that it is entitled to summary judgment because Plaintiff's state law claims are pre-empted by ERISA. Plaintiff counters that the state law claims are not pre-empted because he is not seeking to recover benefits under an ERISA plan and because Comprehensive is not a fiduciary under ERISA.

The Court finds that Plaintiff's state law claims for negligent misrepresentation, detrimental reliance, and reformation are pre-empted by ERISA. Thus, Comprehensive's motion for summary judgment is granted, Plaintiff's motion for remand is denied, and Comprehensive's

5

cross claims are dismissed as moot.

  A.  **ERISA Pre-emption**

Under § 514(a) of ERISA, 29 U.S.C. § 1144(a), all state laws that "relate to" an employee benefit plan covered by the Act are pre-empted. The purpose of the pre-emption clause is to ensure uniform regulation and administration of employee benefit plans. New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 657 (1995). The Supreme Court has held that the "relate to" language is deliberately broad in scope and Congress intended that it be "expansively applied." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-39 (1990). State law includes "all laws, decisions, rules, regulations, or other State action having the effect of law[.]" § 1144(c)(1). Notwithstanding the broad pre-emption language, the pre-emption clause does not apply where a state law "'has only a tenuous, remote, or peripheral connection with covered plans, as is the case with laws of general applicability.'" Travelers, 514 U.S. at 661 (quoting District of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125, 130 n.1 (1992)).

The established test for whether a state law "relates to" a covered plan is whether the law "has a connection with or reference to such a plan." Ingersoll-Rand, 498 U.S. at 139 (quotations removed). In part, the test means that a state law is pre-empted if the cause of action is premised on the existence of a plan. See id. at 140 (holding state law claim for wrongful termination pre-empted where claim depended on showing that employee was terminated to avoid payment of pension benefits).

  B.  **Pre-emption Applied**

In this matter, Plaintiff's arguments against pre-emption are distillable to two basic

6

claims: 1) pre-emption does not apply because he is not seeking to recover benefits under a covered plan, rather he is only seeking damages for a lost opportunity to receive better benefits under a private plan (a recovery that requires no reference to a covered plan); and 2) pre-emption does not apply because Comprehensive was not a fiduciary under ERISA, and pre-emption does not apply to non-fiduciary misfeasance.  Neither of these arguments is supported by existing law.

### 1. Reference to an ERISA Plan

Plaintiff's first argument is controlled by Ingersoll-Rand.  In Ingersoll-Rand, the employer allegedly terminated the plaintiff to avoid the vesting of his pension.  498 U.S. at 135-36.  The Texas Supreme Court held that an at-will employee could bring a cause of action for wrongful termination where he could prove the termination was for the purpose of avoiding pension payments.  Id. at 136.  The Texas Supreme Court then held that the plaintiff's claim was not pre-empted by ERISA because the plaintiff did not seek lost pension benefits, rather he sought only lost future wages, mental anguish, and punitive damages.  Id. at 136.

In overruling the Texas decision, the United States Supreme Court held even though the plaintiff did not seek pension benefits, his claim was nevertheless related to an ERISA plan and pre-empted because he could not succeed on his claim without referencing a plan.  Id. at 140-41.  In effect, the Court held that if there had been no plan, the plaintiff would have had no cause of action; thus, referencing a plan was essential to his cause of action.  See id.; see also Berger v. Edgewater Steel Co., 911 F.2d 911, 923 (3d Cir. 1990) (holding misrepresentation claim based on letter misrepresenting changes in benefit plan pre-empted by ERISA because claim related to an employee benefit plan).

Courts in the Third Circuit have applied the Ingersoll-Rand mode of analysis under

strikingly similar circumstances as the underlying dispute here.  For example, in Bernatowicz v. Colgate-Palmolive Company, 785 F. Supp. 488, 493 (D.N.J. 1992), aff'd, 981 F.2d 1246 (3d Cir. 1992) (Table), the court held that the plaintiffs' state law claims for negligent misrepresentation were pre-empted by ERISA where the defendant-employer misrepresented the plaintiffs' eligibility for retirement benefits under an ERISA plan.  The plaintiffs claimed that the misrepresentations caused them to miss opportunities to transfer to other positions in the company.  Id. at 490.  In granting summary judgment, the court held specifically that the plaintiffs' claims were pre-empted because they were "premised on the existence of a pension plan; the claims [arose] solely from representations over [the plan]."  Id. at 493.

Similarly, in Finocchiaro v. Squire Corrugated Container Corp., Civ. A. No. 05-5154, 2007 WL 608462, at *4 (D.N.J. Feb. 23, 2007), the court held that the plaintiff's state law claims, including negligent misrepresentation, were pre-empted by ERISA where the defendant purportedly misrepresented the amount of benefits the plaintiff would earn under a benefit plan.  The misrepresentation induced the plaintiff to reform an existing commission agreement in exchange for the benefits plan.  Id. at *1.  In his suit, the plaintiff claimed he was not seeking benefits under the plan, but rather seeking damages related to the change in his employment relationship.  Id. at *3.  In granting the defendants' motion to dismiss, the court rejected the plaintiff's argument and held that the state law claims were pre-empted.  Id. at *4.  The court reasoned that for the plaintiff to succeed on his negligent misrepresentation claim, he needed to show that the benefits plan did not conform with the defendants' representations about the plan, thus requiring a reference to the plan.  Id. at *4.

Lastly, in Kollman v. Hewitt Assocs., LLC. (Kollman I), No. Civ. A. 03-2944, 2003 WL

22331870, at *3-4 (E.D. Pa. Sept. 22, 2003), the court held that the plaintiff's state law claims, including negligent misrepresentation, were pre-empted by ERISA where the defendant (a global outsourcing firm for the plaintiff's employer) misrepresented the amount of benefits the plaintiff was entitled to under a severance benefits package. The plaintiff argued that pre-emption did not apply to the state law claims because the defendant was not an ERISA fiduciary. Id. at *3. In granting the defendant's motion to dismiss, the court rejected the plaintiff's argument and held the state law claims were pre-empted because allowing beneficiaries to recover based on ERISA plans based solely on the defendant's non-fiduciary status would disrupt the uniform enforcement scheme enacted by Congress. See id. at *4 (citing Howard v. Parisian, Inc., 807 F.2d 1560, 1565 (11th Cir. 1987)).

Plaintiff Clancy attempts to sidestep the Ingersoll-Rand analysis in a variety of ways, generally by claiming that the connection between the alleged misrepresentations and the ERISA plan is remote. See Plaintiff's mot. at 14. Plaintiff even goes so far as to argue that the actual existence or non-existence of the LTD Policy is irrelevant to his claims. Plaintiff's reply br. at 3-4. Plaintiff's arguments miss the mark.

Under Ingersoll-Rand, Plaintiff's claims are pre-empted because they necessarily require reference to the LTD Policy. Plaintiff cannot prove that Comprehensive misrepresented what was in the LTD Policy, thereby causing Plaintiff to not pursue another plan, without looking at what is actually in the LTD Policy. Cf. Finocchiaro, 2007 WL 608462, at *4; Bernatowicz, 785 F. Supp. at 493. For example, Plaintiff cannot prove that Comprehensive misrepresented that the LTD Policy was an own-occ policy without actually looking to the language of the policy. Likewise, Plaintiff cannot show that he detrimentally relied on the misrepresentations without

showing that misrepresentations were actually made – again, requiring analysis of the ERISA policy.  As to the reformation claim, Plaintiff certainly cannot show he is entitled to relief without first proving that a plan needing reformation actually exists and without showing what its existing terms are.  See Williams v. Healthalliance Hosps., Inc., 135 F. Supp. 2d 106, 110-11 (D. Mass. 2001) (holding reformation claim pre-empted by ERISA).  Therefore, all of Plaintiff's state law claims are pre-empted by ERISA.

### 2. Fiduciary Status

This last conclusion is not disrupted by Comprehensive's non-fiduciary status.  The Third Circuit has conclusively held that where a plaintiff's state law claims relate to an ERISA plan, the defendant's status as a fiduciary is irrelevant.  Kollman v. Hewitt Assocs., LLC (Kollman II), 487 F.3d 139, 150 (3d Cir. 2007); see also Kollman I, 2003 WL 22331870, at *4 (citing various cases holding non-fiduciary status irrelevant).  The Third Circuit reasoned that to allow decisions requiring consideration of an ERISA plan to be decided outside the context of ERISA would undermine the uniform administration scheme Congress intended.  Kollman II, 487 F.3d at 150.  Therefore, whether or not Comprehensive was a fiduciary under ERISA is irrelevant.

### C. Cross Claims

Comprehensive answered the Complaint with cross claims against all Defendants for any underlying liability.  Because Comprehensive is granted summary judgment as to all remaining claims, Comprehensive's cross claims are dismissed as moot.

## IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by Defendant Comprehensive HR Company is GRANTED.  The motion for remand filed by Plaintiff Charles

Clancy is DENIED.  The cross claims by Comprehensive HR Company against all Defendants are DISMISSED as moot.


Dated:   8/20/2009                                   /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge